# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

EQUITABLE FINANCIAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                                              Case No. 3:20-cv-552-TJC-JBT

JOEL SCROGGINS,
DIANA JILL THOMAS,
GROVER ALAN THOMAS,
ROGER FARRELL THOMAS, and
KIMBERLY JAY STANEK,

    Defendants.

## O R D E R

In February 2018, plaintiff Equitable Financial Life Insurance Company (formerly known as AXA Equitable Life Insurance Company) distributed death benefits to defendant Joel Scroggins in the amount of $120,549.21,[1] benefits which Equitable alleges it later determined should have been paid to the other four defendants, whom Equitable has now also paid. See Amended Complaint (Doc. 14) at ¶¶ 26, 37. Equitable filed suit in June 2020, and filed its amended complaint in September 2020 seeking recovery of the death benefits paid to

---

[1] Of this amount, Equitable distributed $12,054.92 in federal income tax withholdings to the U.S. Treasury on Scroggins' behalf, and Scroggins received $108,494.29. Amended Complaint (Doc. 14) at ¶ 26; Answer (Doc. 19) at ¶ 26.

Scroggins through counts for unjust enrichment and conversion.[2] Scroggins answered, denying that he is not entitled to these funds and asserting several affirmative defenses. See Answer (Doc. 19). The Court entered a scheduling order setting the case for trial in February 2022, the parties presumably engaged in discovery, and Equitable filed a motion for summary judgment in June 2021. The Court gave Scroggins four extensions of time to respond to the motion (the response is now due October 12, 2021). Scroggins requested the extensions on the grounds that he has been unable to assist his counsel in preparing a response because he was recently arrested on felony charges related to the decedent whose death benefits are at issue in this case. Scroggins' motions state that he may seek a stay of this case pending the conclusion of the criminal matter to protect his constitutional rights. See Docs. 40, 42, 47.

Against this backdrop, Equitable has now moved for a Temporary Injunction (Doc. 44), seeking to have the Court order Scroggins to deposit the contested funds into the Court registry pending the outcome of this lawsuit. Scroggins responded in opposition (Doc. 48).

---

[2] The four other defendants are sued for constructive trust and "declaratory relief of unjust enrichment" based on an alleged agreement that if they recover money from Scroggins through probate or if the Court determines Scroggins is entitled to retain the death benefits, the four defendants will return the proceeds they received from Equitable. See Doc. 14 at ¶¶ 35, 36 (the Amended Complaint states that the agreement is attached but it is not). Each of the four were served, but none have answered. On Equitable's motion, the clerk entered defaults against them. See Docs. 24, 25, 26, 28, 29, 30, 31, 32.

To secure a temporary or preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, a party must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).[3] "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four requisites." Keister v. Bell, 879 F.3d 1282, 1287 (11th Cir. 2018) (citation and quotation omitted). Because each of the four elements must be proven to secure injunctive relief, "[i]f any element is not proven, there is no need to address the others." Sofarelli v. Pinellas Cnty., 931 F.2d 718, 724 (11th Cir. 1991) (citation omitted).

Equitable cannot meet this standard. First, while Equitable contends that Scroggins "has not and cannot provide any legitimate justification for his refusal to return the funds" (Doc. 44 at 8), Scroggins' affirmative defenses explain that he acted at the direction of an Equitable agent in preparing the

---

[3] In this diversity case, the Court applies federal law to determine whether a preliminary injunction should issue. See Ferrero v. Assoc. Materials, Inc., 923 F.2d 1441, 1448 (11th Cir. 1991). Equitable cites the Florida standard, but it is essentially the same and makes no difference to the outcome here.

forms that resulted in his receipt of the funds. See Doc. 19. While Scroggins may not ultimately prevail on this defense, Equitable cannot show a substantial likelihood of success on the merits by simply dismissing it. Second, Equitable argues that it will be irreparably harmed if the funds are not deposited into the Court registry because Scroggins' recent arrest may cause him to spend the funds and if a stay is issued Scroggins may have "an unfettered opportunity to deplete the funds." Doc. 44 at 7. However, Scroggins has had access to the funds for over three and a half years; on these facts, the circumstance of Scroggins' arrest does not create irreparable harm.

Having determined that Equitable has not met at least two of the four necessary elements to secure an injunction, the Court need not address the others.[4]

---

[4] Because the preliminary injunction standard is not met, the Court does not address whether injunctive relief is even available on the claims alleged in Equitable's Amended Complaint.

Accordingly, it is hereby

**ORDERED**:

Equitable's Motion for a Temporary Injunction (Doc. 44) is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of October, 2021.



s.
Copies:
Counsel of record